**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

| | |
|---|---|
| State Farm Fire and Casualty Company, | Civil File No. 10-276 (PJS/FLN) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Mohamed Ali, Farhiyo Hussein, Abdullahi Abdulkadir, and Osman Abdirahman, | |
| Defendants. | |

---

THIS MATTER came before the undersigned United States Magistrate Judge on December 21, 2010 on Plaintiff's motion for entry of judgment due to Defendants' failure to comply with the Court's September 20, 2010 Order and Defendants' failure to respond to the Requests for Admissions served by State Farm Fire and Casualty Company ("State Farm" or "Plaintiff"). (ECF No. 33.)  The matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1.  For the reasons which follow, this Court recommends Plaintiff's Motion be **GRANTED**, that judgment be entered in favor of Plaintiff and against Defendants for the relief set forth in State Farm's Complaint, and that Defendants' Counterclaim be **DISMISSED**.

### I. BACKGROUND

Defendants allege that they were involved in a hit-and-run accident on July 1, 2009. Each defendant submitted a claim for benefits under Defendant Farhiyo Hussein's State Farm insurance policy.  State Farm's investigation of the claims, however, revealed that Defendants concealed or misrepresented material facts in the submission of their claims to State Farm. Defendants provided inconsistent sworn testimony regarding the facts and circumstances

1

surrounding their alleged involvement in the accident.  Additionally, accident reconstructionist, William Elkin, analyzed the accident and Defendants' representations.  Mr. Elkin opined that the motor vehicle accident did not occur as represented by Defendants.  Mr. Elkin's report indicates that damage to Defendants' vehicle was caused by contact with the wheel lift of a tow truck and not a motor vehicle accident as represented by Defendants.  State Farm's investigation of the claim, including the inconsistent sworn testimony provided by Defendants and Mr. Elkin's findings and opinions, establish that Defendants were not involved in a motor vehicle accident as represented.  Defendants have not provided an expert opinion or any other evidence to dispute this conclusion.

State Farm initiated this action seeking a declaration that Defendants were not entitled to coverage under Defendant Farhiyo Hussein's State Farm automobile insurance policy.  Following commencement of the action, written discovery was served upon Defendants.  No response was provided to the written discovery.

Following a hearing regarding State Farm's motion to compel, the Court ordered Defendants to provide responses to the written discovery served by State Farm.  The Court's September 20, 2010 Order directed Defendants to provide discovery responses by October 4, 2010.  The Order stated that if discovery responses were not provided, the Court would entertain a motion for default or other sanctions.  Defendants did not respond as ordered by the Court.  Defendants also did not provide responses to the Requests for Admissions served upon each of them by State Farm.  On October 28, 2010, State Farm brought the present motion for judgment in favor of State Farm. (ECF No. 33.)

## II.  FINDINGS OF FACT

The present litigation was commenced on January 29, 2010. The initial pretrial conference was conducted on March 30, 2010. At the initial pretrial conference, Defendants were represented by Attorney Michael Marks. After receiving the expert report of William Elkin from State Farm, Attorney Marks filed a motion to withdraw as Defendants' counsel. The motion to withdraw was heard by the Court on June 28, 2010. There was no appearance by the individual Defendants at the June 28, 2010 motion hearing. On June 29, 2010, Attorney Marks' motion to withdraw was granted.

State Farm subsequently served and filed a motion to compel written discovery responses. The motion to compel was heard by the Court on September 20, 2010. Defendants were provided with proper notice of the hearing. There was no appearance by any Defendant at the motion hearing. The September 20, 2010 order directed Defendants to provide full and complete discovery responses no later than October 4, 2010. No response was received by State Farm.

On October 28, 2010, State Farm brought the present motion for entry of judgment. (ECF No. 33.) On October 29, 2010, the matter was referred to the undersigned for hearing. Defendants were provided with proper notice of the hearing. There was no appearance by any Defendant at the motion hearing. Defendants did not submit a response to State Farm's motion.

### III. CONCLUSIONS OF LAW

Defendants have not appeared or otherwise participated in this litigation since the withdrawal of their attorney. This Court's September 20, 2010 order required Defendants to provide responses to State Farm's written discovery requests no later than October 4, 2010. Defendants did not provide any response to the written discovery. To date, Defendants have not complied with the September 20, 2010 order.

Fed. R. Civ. P. 37(b)(2)(A) articulates the available sanctions for failure to comply with a discovery order. The potential sanctions include the following:

(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

(iii) striking pleadings in whole or in part;

(iv) staying further proceedings until the order is obeyed;

(v) dismissing the action or proceeding in whole or in part;

(vi) rendering a default judgment against the disobedient party; or

(vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A). If a party fails to comply with a court order regarding discovery, the court may enter sanctions including dismissal. *Schoffstall v. Henderson*, 223 F.3d 818, 823 (8th Cir. 2000). The courts have held that a district court does not abuse its discretion by dismissing claim as a discovery sanction if discovery abuse was in bad faith, deliberately intentional, or willful. *See Boogaerts v. Bank of Bradley*, 961 F.2d 765, 768 (*per curiam*).

In this case, Defendants failed to provide any response to State Farm's Interrogatories or Requests for Production of Documents. Defendants also have not disclosed any experts. The deadline for Defendants' expert disclosure was August 1, 2010. The pretrial schedule required that all discovery be completed by November 1, 2010. Given these discovery deadlines, Defendants willful failure to provide any response to State Farm's discovery requests has prejudiced State Farm.

State Farm served Requests for Admissions upon each Defendant. The Requests for Admissions sought admissions from each Defendant to the following statements:

    1.    Admit that the Farhiyo Hussein's Buick was not rearended by a hit-and-run driver at or near the intersection of Larpenteur Avenue and DeSoto Street in St. Paul, Minnesota on or about July 1, 2009 at approximately 2:00 a.m.

    2.    Admit that you were not involved in a motor vehicle accident on or about July 1, 2009.

    3.    Admit that you were not injured as a result of your alleged involvement in a July 1, 2009 motor vehicle accident.

    4.    Admit that the claimed damage to Farhiyo Hussein's Buick was caused by contact with the wheel lift of a tow truck.

Defendants each failed to respond to State Farm's Requests for Admissions. Pursuant to Fed. R. Civ. P. 36(c)(3), a matter is admitted unless a party responds within 30 days. Defendants, by failing to respond to State Farm's requests, have admitted that their vehicle was not involved in an accident on July 1, 2009 and that they were not injured as a result of the alleged accident. Defendants also each admitted that the claimed damage to Farhiyo Hussein's Buick was caused by contact with the wheel lift of a tow truck and not by the alleged July 1, 2009 motor vehicle accident. Defendants' admissions are consistent with the findings and opinions of expert accident reconstructionist, William Elkin. The undisputed evidence, including Mr. Elkin's expert opinion, supports the conclusion that Defendants were not involved in a motor vehicle accident on July 1, 2009 as represented to State Farm.

## IV. RECOMMENDATION

Based upon all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED:**

    1.    That Plaintiff's Motion for Entry of Judgment (ECF No. 33) be **GRANTED**.

2. That Defendants' Answer be stricken and Defendants' Counterclaim be **DISMISSED**.

3. That Judgment be entered in favor of Plaintiff and against each Defendant for the relief sought in the Complaint. Specifically, that Defendants are not entitled to coverage under the State Farm insurance policy for any claim for first-party benefits related to the alleged accident on July 1, 2009.


DATED: February 24, 2011                    *s/ Franklin L. Noel*
                                            FRANKLIN L. NOEL
                                            United States Magistrate Judge


Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **March 10, 2011**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within fourteen (14) days after service thereof. All briefs filed under the rules shall be limited to 3,500 words. A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed by **March 10, 2011,** a complete transcript of the hearing.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.